UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DEMITRESS BETHEA and SHAVONE
BETHEA,

                                 Plaintiffs,

             -against-

CITY OF NEW YORK, NYPD DETECTIVE
DOMINICK J. VASATURO, Shield No. 1395,
individually, JOHN/JANE DOE NYPD
OFFICERS 1-6, individually,

                           Defendants.

------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of Plaintiff Demitress Bethea's and Plaintiff Shavone Bethea's ("Plaintiffs") rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    This Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). The incident in question took place in this District in Kings County.

## JURY DEMAND

5.     Plaintiffs demand a trial by jury in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

6.     Plaintiff Demitress Bethea was at the time of the incident and today remains a resident of Kings County.  Plaintiff Shavone Bethea was and remains a Bronx County resident.

7.     Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant City of New York maintains the New York City Police Department (hereinafter "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

9.     Defendant NYPD Detective Dominick J. Vasaturo, Shield No. 1395, and John/Jane Doe NYPD Officers 1-6 were duly sworn officers, employees and agents of said department at all times relevant herein and were acting under the

supervision of said department and according to their official duties. Officer Defendants are sued in their individual capacities.

10.    That at all times hereinafter mentioned Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the Defendants were done by said Defendants while acting within the scope of their employment by Defendant City of New York.

## STATEMENT OF FACTS

12.    On or around September 19, 2014, Plaintiffs were driving at around 8:00 p.m. near the intersection of Gates Avenue and Classon Avenue in Brooklyn, New York.

13.    Plaintiff Demitress Bethea was driving and his brother, Plaintiff Shavone Bethea, was sitting in the front passenger seat. There were no other occupants in the vehicle.

14.    At some point, Plaintiff Demitress Bethea noticed a vehicle tailgating him. It was an ordinary vehicle, unmarked. Plaintiffs had no idea that Individual Defendants were inside.

15.     Although Plaintiff was going at a lawful rate of speed, he was not going unreasonably slow, either.

16.     As Plaintiff Demitress Bethea can best recollect, the road that they were on did not easily permit the vehicle behind him to pass.  It was a two-way roadway, with only one lane going in each direction.

17.     Plaintiff Demitress Bethea saw an Access-a-Ride double parked in his lane up ahead, although well off to the right hand side.  To the casual observer it looked like the owner of the truck had parked it there to unload something.

18.     Plaintiff Demitress Bethea slowed as he approached the Access-a-Ride and the tailgating vehicle blew its horn.  Plaintiff Demistress Bethea slowly passed the Access-a-Ride to the left of the double parked vehicle. Then, Plaintiff Demitress Bethea pulled his vehicle to the far right of the road right in front of the Access-a-Ride.

19.     As Plaintiff Demitress Bethea knew that the tailgating vehicle would have to make the same maneuver past the Access-a-Ride, he expected that his pulling over would give the tailgating vehicle the necessary berth to also pass him (which to Plaintiffs' view, the tailgating vehicle had wished to do for some time).

20.     Instead of passing Plaintiffs, the tailgating vehicle also pulled over to the far right of the road in front of the Access-a-Ride.

21.     Individual Defendants got out of the tailgating vehicle and approached

4

Plaintiffs' vehicle.   There were three or four Individual Defendants in plainclothes who got out of the unmarked vehicle.

22.   Without much preamble, Individual Defendants pulled Plaintiffs out of the vehicle and searched it, failing to tell Plaintiffs why in response to their questions.

23.   Individual Defendants arrested Plaintiffs.

24.   Defendant NYPD Detective Dominick J. Vasaturo of the Brooklyn North Gang Division falsely stated to the staff of the D.A. Office that he initially noticed Plaintiffs when he saw that Plaintiffs' vehicle had a broken brake light and attempted to pull them over.   This was not true.

25.   Defendant NYPD Detective Dominick J. Vasaturo also falsely stated to the D.A.'s Office that when Plaintiffs failed to stop when Defendants attempted to pull them over, it triggered a five-block car chase between the Parties replete with police lights and sirens ("Alleged Car Chase").   This was not true.

26.   Finally, Defendant NYPD Detective Dominick J. Vasaturo falsely stated to the D.A.'s Office that once the Alleged Car Chase came to a stop, he observed Plaintiff Demitress Bethea throw two twists of crack cocaine together weighing roughly 1/8 ounce out Plaintiffs' vehicle window.   This was not true.

27.   In order to maliciously implicate Plaintiff Shavone Bethea, Defendant Vasaturo also stated that during the Alleged Car Chase Plaintiff Shavone Bethea leaned over "as if" he passed something to Plaintiff Demitress Bethea.   None of this

was true.

28.     In reliance upon Individual Defendants' fabricated evidence, the D.A.'s Office charged Plaintiffs with Criminal Possession of a Controlled Substance.

29.     Plaintiffs said they wanted to testify before the grand jury.

30.     The case was never presented to a grand jury.

31.     Plaintiffs were released on their own recognizance after spending more than twenty-four hours unlawfully incarcerated.

32.     Three weeks later, on the D.A.'s motion, a state court dismissed all related charges against Plaintiff Shavone Bethea.

33.     A few days after that, also on the D.A.'s motion, a state court dismissed all related charges against Plaintiff Demitress Bethea.

34.     Plaintiffs suffered damages as a result of Defendants' actions, including deprivation of their liberty, damage to their reputations, emotional trauma, deprivation of a fair trial, and more.

35.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of

justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

36.     The aforesaid incident is not an isolated incident.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims and complaints filed with the NYPD's Internal Affairs Bureau and the CCRB) that many NYPD officers, including the Defendants, arrest individual persons in order to meet productivity goals and arrest quotas; arrest individuals for professional advancement, overtime compensation and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification of evidence in an attempt to justify the false arrest.

37.     The Honorable Jack B. Weinstein, United States District Judge for the Eastern District of New York, has written that

>       [i]nformal inquiry by the [C]ourt and among judges of this [C]ourt, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the

> [NYPD] . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the [C]ity approving illegal conduct of the kind now charged.

Colon v. City of N.Y., Nos. 9 Civ. 8, 9 Civ. 9, 2009 WL 4263362, at *2 (E.D.N.Y. November 25, 2009).

38.     Former Deputy Commissioner Paul J. Browne, as reported in the press on January 20, 2006, stated that NYPD commanders are permitted to set "productivity goals," permitting an inference of such a custom or policy encouraging deprivations of individuals' constitutional rights in cases such as this one.

39.     Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights.  Despite such notice, Defendant City of New York has failed to take corrective action.  This failure caused Individual Defendants in this case to violate Plaintiffs' constitutional rights.

40.     Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

41.     All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

42.     All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

43.     The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

44.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

45.     As a result of the foregoing, Plaintiffs are entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FIRST CLAIM
## 42 U.S.C. § 1983

46.     Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

47.     Defendants, by their conduct toward Plaintiffs alleged herein, violated Plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

48.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

49.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## FALSE ARREST

50.     Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

51.     Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiffs without cause and impounded their vehicle.

52.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

53.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
## MALICIOUS PROSECUTION

54.     Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

55.     Defendants violated Plaintiffs' right under 42 U.S.C. § 1983 to be to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

56.     Defendants' prosecution of Plaintiffs constituted malicious prosecution in that there was no basis for Plaintiffs' arrest, yet Defendants commenced a prosecution founded on the same fabricated evidence, which was resolved in Plaintiffs' favor.

57.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

58.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## FABRICATION OF EVIDENCE AND DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

59.     Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

60.     The Individual Defendants created false evidence against Plaintiffs and Individual Defendants also forwarded it to prosecutors in the District Attorney's Office.

61.     In creating false evidence against Plaintiffs likely to influence a jury's decision, and in forwarding false evidence to prosecutors, the Individual Defendants violated Plaintiffs' constitutional right to a fair trial under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

62.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

63.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## FAILURE TO INTERVENE

64.    Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

65.    Individual Defendants actively participated in the aforementioned unlawful conduct but also observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

66.    Accordingly, Individual Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

67.    Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights.

68.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## MONELL CLAIM

69.    Plaintiffs repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

70.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or

13

rule of the respective municipality/authority, which is forbidden by the United States Constitution.

71.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Plaintiffs' rights as described herein.  As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

72.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to: arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Plaintiffs' safety, well-being and constitutional rights.

74.     The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as described herein.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiffs respectfully request the following relief:

A. An order entering judgment for Plaintiffs against Defendants on each of their claims for relief;

B. Awards to Plaintiffs for compensatory damages against all Defendants, jointly and severally, for their violation of the Fourth, Fifth, Sixth and Fourteenth Amendment rights of Plaintiffs, the amount to be determined at jury trial, which Plaintiffs respectfully demand pursuant to FRCP 38;

C. Awards to Plaintiffs of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to the constitutional rights and welfare of Plaintiffs, the amount to be determined at jury trial, which Plaintiffs respectfully demand pursuant to FRCP 38;

D. Awards to Plaintiffs of the costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:   May 17, 2016
         New York, New York


                                        _____/s_____
                                        Ryan Lozar
                                        305 Broadway, 10th Floor
                                        New York, New York 10007
                                        (310) 867-1562
                                        ryanlozar@gmail.com

                                        *Attorney for Plaintiffs*