
| ZACHARY W. CARTER<br>Corporation Counsel | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | PAUL H. JOHNSON<br>phone: (212) 356-2656<br>fax: (212) 356-3509<br>pajohnso@law.nyc.gov |
|---|---|---|

June 28, 2016

**VIA ECF**
Honorable Steven M. Gold
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Demitress Bethea, et. al. v. City of New York, et al.
               16-CV-2522 (KAM) (SMG)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent defendant City in the above-referenced matter. This office writes to respectfully request an enlargement of time from Tuesday June 28, 2016 to Monday August 29, 2016, within which the City may answer or otherwise respond to the Amended Complaint. This is defendant's first such request. Plaintiff's counsel, Ryan Lozar, Esq., consents to the requested enlargement.

      In the Complaint plaintiffs Demitress Bethea and Shavone Bethea allege that on September 14, 2014, they were subject to false arrest, malicious prosecution and denial of a right to a fair trial and failure to intervene by members of the New York City Police Department.

      Plaintiffs served the Amended Complaint upon the City on or about Tuesday June 7, 2016, and the City's deadline to answer is therefore on or about Tuesday June 28, 2016. It is our understanding that the records of the underlying arrest may be sealed pursuant to New York Criminal Procedure Law § 160.50. Accordingly, Defendant City respectfully requests that the Court grant this application for an enlargement so that this Office may obtain a release from the plaintiff and request the underlying documents from the relevant agencies, which include the police, criminal court and District Attorney's Office, in order to properly investigate the allegations of the Amended Complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure. A request for such releases will be sent to plaintiff's counsel.

      In addition to the City, the Complaint purports to name one individual police officer. It is not presently known whether the individual defendant has been served with a summons and copy

of the Complaint. If the officer was not served the enlargement will allow plaintiff with an opportunity to serve the other individual defendants. Assuming the individual officer is both served and requests legal representation by this Office, pursuant to Section 50-k of the New York General Municipal Law, we must determine, based on a review of the case, whether we can provide representation to the individual defendant, and that individual must then determine whether he or she wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If an individual City employee does elect to be represented, we must obtain his or her written authorization. While we do not at present represent the individual defendant, and therefore cannot request relief on his behalf, we suggest for the sake of efficiency that the Court, *sua sponte*, enlarge the individual defendant's time to answer to be the same as the City's, so that the officer's defenses are not jeopardized.

For the foregoing reasons, the City respectfully requests that the Court enlarge its time, and *sua sponte* enlarge the individual defendants' time to answer or otherwise respond to the Complaint to and including August 29, 2016.

Thank you for your consideration herein.

Respectfully submitted,

Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Ryan Lozar, Esq. **(via ECF)**
*Attorney for Plaintiff*