

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

PAUL H. JOHNSON
phone: (212) 356-2656
fax: (212) 356-3509
pajohnso@law.nyc.gov

August 29, 2016

**VIA ECF**
Honorable Steven M. Gold
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Demitress Bethea, et. al. v. City of New York, et al.
                  16-CV-2522 (KAM) (SMG)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent defendant City in the above-referenced matter. This office writes to respectfully request an enlargement of time from Monday August 29, 2016 to Thursday September 29, 2016, within which the City may answer or otherwise respond to the Amended Complaint. This is defendant's second such request. Plaintiff's counsel, Ryan Lozar, Esq., consents to the requested enlargement. The City needs the additional time to obtain records regarding the request and to determine whether they can provide representation to the individual officer named in the Complaint.

      It is our understanding that the records of the underlying arrest may be sealed pursuant to New York Criminal Procedure Law § 160.50. The City received one such release from plaintiff Shavone Bethea and plaintiff's counsel stated it intends to send a second release for plaintiff Demitress very shortly. The City needs the releases in order to request the underlying documents from the relevant agencies, which include the police, criminal court and District Attorney's Office, in order to properly investigate the allegations of the Amended Complaint and fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

      In addition to the City, the Complaint purports to name one individual police officer. Those documents will enable to us to review the case, pursuant to Section 50-k of the New York General Municipal Law and determine whether we can provide representation to the individual defendant. That individual must then determine whether he or she wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)

(decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If an individual City employee does elect to be represented, we must obtain his or her written authorization. While we do not at present represent the individual defendant, and therefore cannot request relief on his behalf, we suggest for the sake of efficiency that the Court, *sua sponte*, enlarge the individual defendant's time to answer to be the same as the City's, so that the officer's defenses are not jeopardized.

For the foregoing reasons, the City respectfully requests that the Court enlarge its time, and *sua sponte* enlarge the individual defendants' time to answer or otherwise respond to the Complaint to and including September 29, 2016.

Thank you for your consideration herein.

Respectfully submitted,

Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:  Ryan Lozar, Esq. **(via ECF)**
*Attorney for Plaintiff*