

DISTRICT ATTORNEY
KINGS COUNTY
350 JAY STREET
BROOKLYN, NY 11201-2908
(718) 250-2000
WWW.BROOKLYNDA.ORG

**Eric Gonzalez**
Acting District Attorney

Toni C. Lichstein
Chief
Civil Litigation Bureau

February 21, 2017

Honorable Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Demitress Bethea and Shavone Bethea v. City of New York, et al.
    16 Civ. 2522 (NGG) (SMG)

Dear Magistrate Judge Gold:

    Pursuant to FRCP 45(d)(3)(iii), non-party Kings County District Attorney's Office (KCDA) moves to quash that portion of a subpoena duces tecum from Plaintiffs which seeks the grand jury testimony in the action People v. Demitress Bethea, G.J. No. 7825/14, Supreme Court, Kings County, and documents related to the grand jury generated by the KCDA. (A copy is attached as Exhibit A.)[1] By agreement, the return date and date to file objections pursuant to FRCP 45(d)(2)(B) were adjourned to February 21, 2017.

    In a letter dated February 10, 2017 (ECF 20), plaintiffs made a motion to compel the KCDA to produce the grand jury testimony of defendants NYPD Detectives Dominick J. Vasaturo and Armando Saitta for use in his § 1983 action. In conferring prior to making this motion, plaintiffs' counsel informed me that he seeks all grand jury testimony, including any testimony of plaintiff Demitress Bethea. There is no grand jury testimony of Detective Vasaturo.

    According to the complaints in the criminal actions, on September 19, 2014, the vehicle driven by Demitress Bethea in which Shavone Bethea was a passenger had a defective break light and refused to pull over while being followed by a vehicle with police lights. After defendants' vehicle was cut off by the police, Demitress Bethea was observed tossing two twists of crack cocaine out of the window. The case against Shavone Bethea was not presented to a grand jury and was dismissed. The grand jury in the Demitress Bethea case failed to return a true bill and was dismissed.

---

[1] The KCDA moves to quash the subpoena seeking documents in the action People v. Shavone Bethea insofar as it seeks two documents listed in Exhibit C. Attached as Exhibit C is a list of the documents which the KCDA has withheld from production from both subpoenas pursuant to privilege. All but one is being withheld as grand jury material. Pursuant to New York Criminal Procedure Law 190.25(4)(a), these documents constitute matter attending a grand jury proceeding and absent a court order may not be disclosed. General use in investigating plaintiff's case does not constitute compelling and particularized need for such an order to issue. The KCDA will address the specific claims of privilege with respect to each document in the manner the Court directs.

## PLAINTIFFS SHOULD SEEK AN UNSEALING ORDER IN STATE COURT

Testimony heard before a grand jury case prosecuted by the KCDA is secret pursuant to New York Criminal Procedure Law §190.25(4)(a). A party seeking to overcome the presumption of confidentiality "must demonstrate a compelling and particularized need for access." In re District Attorney of Suffolk County, 58 N.Y.2d 436, 444 (1983); see N.Y. Criminal Procedure Law §190.25(4)(a).

Federal courts are not bound by this State law, but a "strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where plaintiffs should seek an unsealing order in State Court. This can be accomplished at no substantial cost to federal substantive and procedural policy. Lora v. Bd. of Ed. 74 F.R.D. 565, 576 (E.D.N.Y. 1977). Thus, federal courts will not order the disclosure unless the party seeking to compel the disclosure (1) gives the State courts the initial opportunity to adjudicate the request and (2) can demonstrate a "particularized need" for the grand jury materials. Wilson v. City of New York, No. 06-CV-229 (ARR)(VVP), 2007 U.S. Dist. LEXIS 97490, at *4 (E.D.N.Y. Dec. 21, 2007) (emphasis added). We respectfully request that the Court direct plaintiffs to make a motion to unseal the grand jury minutes in the state court.

## THERE IS NO COMPELLING AND PARTICULARIZED NEED FOR DETECTIVE SAITTA'S TESTIMONY

If the Court wishes to determine at this time whether the grand jury minutes should be unsealed, plaintiff fails to meet the necessary requirements. Federal law recognizes the need for secrecy in connection with matters before a grand jury. United States v. Sells Engineering, 463 U.S. 418 (1983); Douglas Oil Co. v. Petro Stops Northwest, 441 U.S. 211 (1979)("We consistently have recognized that the proper function of our grand jury system depends upon the secrecy of grand jury proceedings."); In re Petition of Bruce Craig v. United States, 131 F.3d 99 (2nd Cir. 1997); In re Grand Jury Subpoena, John Doe No. 4 v. John Doe No. 1, 103 F.3d 234 (2nd Cir. 1996); In re Grand Jury Subpoena, John Doe v. United States, 72 F.3d 271 (2nd Cir.1995); In re Grand Jury Investigation of Cuisinarts, Inc., 665 F.2d 24, 28 (2nd Cir. 1981).

Notably, the United States Supreme Court held in Rehberg v. Paul, 132 S. Ct. 1497, 1509 (2012), that the "vital" secrecy of the grand jury would be subverted if § 1983 actions for conspiracy to violate rights, including giving false testimony and conspiring to present false testimony, were allowed against police witnesses who testified in the grand jury. "We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. Rehberg, 132 S.Ct. at 1509 quoting Sells Engineering, Inc., 463 U.S. 418 (1983) (internal citations omitted).

Under federal law, a party seeking disclosure of federal grand jury testimony must demonstrate a "particularized need" which requires a showing that the material sought "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy and that [the] request is structured to cover only material so needed. Douglas Oil, 441 U.S. at 222-23; also In re Grand Jury Subpoena, 103 F.3d 242; Alvarado v. City of New York, No. 04-CV-2558 (NGG)(VVP), 2006 U.S. Dist. LEXIS 57345, at *7 (E.D.N.Y. Aug. 5, 2006). "A generalized desire for discovery needed to prove one's case… does not constitute the requisite showing of particularized need." Id. at *9 (citing Baker v. U.S. Steel Corp., 492 F.2d 1074, 1076 (2d Cir. 1974).

2

Plaintiffs' February 10, 2017 letter fails to set forth any compelling and particularized need for the grand jury testimony. Plaintiffs claim that "Defendants' statements about the incident before the grand jury are highly relevant to plaintiffs' investigation and development of their case." (EFC 20 at 3) "[A] generalized desire for discovery needed to prove one's case. . . does not constitute the requisite showing of particularized need." Wilson, 2007 U.S. Dist. LEXIS 97490, at *6 (quoting Alvarado, No. 04-CV-2558 (NGG)(VVP), 2006 U.S. Dist. LEXIS 57345, at *9) (omission in Wilson). Moreover, plaintiffs have at their disposal documents from the criminal case that they can rely on to litigate their civil case, including the criminal court complaints sworn to by Detective Vasaturo and the arrest reports. There is no reason why plaintiffs cannot adduce testimony from the defendant officers at deposition regarding the underlying incident which occurred in 2014. I have been informed by Paul Johnson, Esq., counsel for defendants in this action, that plaintiffs have not taken any depositions yet in this action. Plaintiffs cannot suggest that the grand jury testimony differs from other testimony or is required for impeachment.

Plaintiffs' letter appears to suggest that the grand jury testimony of the police officer defendant is fabricated or somehow the very res of this action. Under Rehberg, a police officer has absolute immunity from any §1983 claim based upon his/her grand jury testimony. Courts also have been very explicit that the immunity a grand jury witness enjoys in a 42 U.S.C. § 1983 action cannot be circumvented by claiming that the witness committed perjury before the grand jury. See Matthews v. City of NY, 889 F. Supp. 2d 418 at 439 (E.D.N.Y. Sept. 5, 2012); Bonelli v. City of New York, No. 11-CV-0395, 2012 U.S. Dist. LEXIS 63337, at *5 (E.D.N.Y. May 4, 2012); see also Whaley v. Lopez, No. 12-CV-2889, 2012 U.S. Dist. LEXIS 107802, at *35-*36 (E.D.N.Y. July 30, 2012). As set forth in, Coggins v. Buonora, 776 F.3d 108, 113 (2d. Cir. 2015), a plaintiff must prove a § 1983 claim against a police officer without regard to his or her grand jury testimony.

This Court must weigh society's interest in encouraging witnesses to come forward and testify truthfully, and in preventing investigations from being hindered against plaintiffs' generalized desire for discovery in their case. The importance of secrecy is not diminished simply because the witness is a police officer. Rehberg, Id. at 1509.

## THERE IS NOT PARTICULARIZED NEED FOR PLAINTIFF DEMITRESS BETHEA'S GRAND JURY TESTIMONY

Plaintiff Demitress Bethea cannot show particularized need for his grand jury testimony. The time-honored principles of grand jury secrecy should not be disturbed because he wishes to use the transcript of his testimony in a civil action.

### CONCLUSION

We respectfully request that the Court grant the KCDA's motion to quash pursuant to FRCP 45(d)(3)(iii).

Very truly yours,

Toni C. Lichstein

Toni C. Lichstein, Assistant District Attorney
TL 1219

# EXHIBIT A



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Demitress Bethea and Shavone Bethea, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-2522 (NGG) (SMG) |
| City of New York, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kings County District Attorney's Office

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all records in your possession, custody and/or control relating to Demitress Bethea's September 19, 2014, arrest and subsequent prosecution. Arrest No. K14684728. Docket No. 2014KN071429; DOB 12/08/1982. SSN: 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. NYSID: 1378268Q.

| Place: The Law Office of Ryan Lozar, PC<br>305 Broadway, 10th Floor<br>New York, NY 10007 | Date and Time:<br>February 14, 2017 / 2 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Jan 31, 2017

_____        OR        /s/ Ryan Lozar
*CLERK OF COURT*                                 *Attorney's signature*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Demitress and Shavone Bethea_____, who issues or requests this subpoena, are:
Ryan Lozar; Law Office of Ryan Lozar, PC; 305 Broadway, 10th Floor; New York, NY 10007; ryanlozar@gmail.com; (310) 867-1562

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, Demitress Bethea, DOB: 12/8/82, pursuant to CPL § 160.50[1][d], hereby designate Ryan Lozar and Tyrin Torres as my agents to whom records of the criminal action terminated in my favor entitled People of the State of New York v. Bethea, Docket No. or Indictment No. 2014KN071424 in Criminal Court, County of Kings State of New York, relating to my arrest on or about 9/19/14, may be made available for use in my related Civil Action. **I also designate these persons as my agents to whom records of all criminal actions terminated in my favor may be released, not just the one described above.**

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK      )
                      : SS.:
COUNTY OF New York     )

On 8/31/16, before me personally came Demitress Bethea, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

ROBERT MARINELLI
Notary Public, State of New York
Reg. No. 02MA6220272
Qualified in New York County
My Commission Expires June 2, 2018

NOTARY PUBLIC



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Demitress Bethea and Shavone Bethea, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-2522 (NGG) (SMG) |
| City of New York, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kings County District Attorney's Office

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all records in your possession, custody and/or control relating to Shavone Bethea's September 19, 2014, arrest and subsequent prosecution. Arrest No. K14684734. Docket No. 2014KN071424. DOB 2/23/1986. SSN: 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. NYSID: 0232008K.

| Place: The Law Office of Ryan Lozar, PC<br>305 Broadway, 10th Floor<br>New York, NY 10007 | Date and Time:<br>February 14, 2017 12pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Jan. 31 2017

_____      OR      /s/ Ryan Lozar
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Demitress and Shavone Bethea, who issues or requests this subpoena, are:
Ryan Lozar; Law Office of Ryan Lozar, PC; 305 Broadway, 10th Floor; New York, NY 10007; ryanlozar@gmail.com; (310) 867-1562

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, _Shavone Bethea_, DOB: _2/23/86_, pursuant to CPL § 160.50[1][d], hereby designate Ryan Lozar and Tyrin Torres as my agents to whom records of the criminal action terminated in my favor entitled People of the State of New York v. _Bethea_, Docket No. or Indictment No. _2014KN071424_, in Criminal Court, County of _Kings_ State of New York, relating to my arrest on or about _9/19/14_, may be made available for use in my related Civil Action. **I also designate these persons as my agents to whom records of all criminal actions terminated in my favor may be released, not just the one described above.**

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

X _Shavone Bethea_
SIGNATURE

STATE OF NEW YORK    )
                     : SS.:
COUNTY OF New York   )

On _8/31/16_, before me personally came _Shavone Bethea_ to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

ROBERT MARINELLI
Notary Public, State of New York
Reg. No. 02MA6220272
Qualified in New York County
My Commission Expires June 4, 20__

NOTARY PUBLIC

# EXHIBIT B

09/20/2014 08:50 FAX                                                                    ☒ 0001/0004
                                          Fax:                      Sep 20 2014 08:42am P002/005

CRIMINAL COURT OF ~~ NEW YORK
PART APAR (                                                         STATE OF NEW YORK
                                          2014KN071429               COUNTY OF KINGS
THE PEOPLE OF THE STATE OF NEW YORK

          v

DEMITRES BETHEA
_____

DETECTIVE DOMINICK J VASATURO SHIELD NO.1395, OF BNG5 COMMAND SAYS THAT ON OR ABOUT SEPTEMBER 19,2014 AT APPROXIMATELY 08:35 PM AT GATES AVENUE AT CLASSON AVENUE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 220.09(1)          CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                      THE FOURTH DEGREE (DQO)
VTL 1102              OBEDIENCE TO POLICE OFFICERS AND FLAGPERSONS
VTL 375(40)(B)        IMPROPER OR NO BRAKE-LIGHT
PL 220.03             CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                      THE SEVENTH DEGREE

IN THAT THE DEFENDANT DID:

KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE; KNOWINGLY AND UNLAWFULLY POSSESS ONE OR MORE PREPARATIONS, COMPOUNDS, MIXTURES OR SUBSTANCES CONTAINING A NARCOTIC DRUG AND SAID PREPARATIONS, COMPOUNDS, MIXTURES OR SUBSTANCES WERE OF AN AGGREGATE WEIGHT OF ONE-EIGHTH OUNCE OR MORE; OPERATE A MOTOR VEHICLE AND FAIL OR REFUSE TO COMPLY WITH A LAWFUL ORDER OR DIRECTION OF A POLICE OFFICER OR FLAGPERSON OR OTHER PERSON DULY EMPOWERED TO REGULATE TRAFFIC; OPERATE UPON THE PUBLIC HIGHWAYS OF THIS STATE, A MOTOR VEHICLE, EXCEPT A MOTORCYCLE, MANUFACTURED ON OR AFTER JANUARY FIRST, NINETEEN HUNDRED FIFTY-TWO, THAT WAS NOT EQUIPPED WITH AT LEAST TWO STOP LAMPS, ONE ON EACH SIDE, EACH OF WHICH DISPLAYED A RED TO AMBER LIGHT VISIBLE AT LEAST FIVE HUNDRED FEET FROM THE REAR OF THE VEHICLE WHEN THE BRAKE OF SUCH VEHICLE WAS APPLIED.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, DEPONENT OBSERVED DEFENDANT DEMITRES BETHEA DRIVING A 1999 NISSAN MAXIMA NEW YORK LICENSE PLATE GMT9708 WITH A DEFECTIVE EXTINGUISHED BRAKE LIGHT AS DEFENDANT SHAVONE BETHEA SAT IN THE FRONT PASSENGER SEAT.

DEPONENT FURTHER STATES THAT THE DEFENDANT REFUSED TO PULL OVER FOR APPROXIMATELY 5 BLOCKS AS DEPONENT FOLLOWED DIRECTLY BEHIND DEFENDANTS VEHICLE WITH POLICE LIGHTS ILLUMINATED AND SIRENS ENGAGED.

DEPONENT FURTHER STATES THAT THE DEPONENT OBSERVED APPREHENDED OTHER SHAVONE BETHEA ARREST K14684734 MOVING AROUND AND FIDGETING IN HIS SEAT AND LEANING OVER TOWARDS THE DRIVER AS IF HIDING OR PASSING AN OBJECT TO DEMITRES.

DEPONENT FURTHER STATES THAT DEPONENT HAD TO CUT THE VEHICLE OFF AT A STOP SIGNED INTERSECTION TO PREVENT IT FROM CONTINUING TO EVADE DEPONENT AND AS DEPONENT WALKED TOWARDS DEFENDANT'S VEHICLE DEPONENT OBSERVED DEMITRES TOSS 2 OBJECTS OUT THE WINDOW ONTO THE GROUND WHERE DEPONENT RECOVERED THE OBJECTS WHICH WERE 2 TWISTS OF CRACK COCAINE WITH A TOTAL WEIGHT IN EXCESS OF 1/8 OUNCE.

DEPONENT FURTHER STATES THAT THE DEPONENT HAS HAD PROFESSIONAL TRAINING AS A POLICE OFFICER IN THE IDENTIFICATION OF CRACK COCAINE, HAS PREVIOUSLY MADE ARRESTS FOR THE CRIMINAL POSSESSION OF CRACK COCAINE, HAS PREVIOUSLY SEIZED CRACK COCAINE, WHICH WAS DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT LABORATORY, AND THE SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER, IS FAMILIAR WITH COMMON METHODS OF PACKAGING CRACK COCAINE AND THE PLASTIC TWISTS USED TO PACKAGE THE SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE.

Printed 09/20/2014 07:37    K14684728    Arrested: 09/19/2014 20:35

09/20/2014 08:51 FAX　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒0002/0004
　　　　　　　　　　　　　　　　　　　　　　Fax:　　　　　　　　　Sep 20 2014 08:43am  P003/005

BASED ON THE FOREGOING, IN DEPONENT'S OPINION, THE SUBSTANCE IN THIS CASE IS CRACK COCAINE.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

09/20/14
DATE　　　　　　　　　　SIGNATURE

Printed 09/20/2014 07:37　　K14684728　　Arrested: 09/19/2014 20:35

09/20/2014 08:51 FAX                                                                    ☒0003/0004
                                            Fax:                          Sep 20 2014 08:43am P004/005

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR C/

2014KN071424

THE PEOPLE OF THE STATE OF NEW YORK                       STATE OF NEW YORK
                                                          COUNTY OF KINGS
          v

SHAVONE   BETHEA

---

DETECTIVE DOMINICK J VASATURO SHIELD NO.1395, OF BNGS COMMAND SAYS THAT ON OR ABOUT SEPTEMBER 19,2014 AT APPROXIMATELY 08:35 PM AT GATES AVENUE AT CLASSON AVENUE COUNTY OF KINGS, STATE OF NEW YORK,

THE DEFENDANT COMMITTED THE OFFENSE(S) OF:

PL 220.09(1)           CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                       THE FOURTH DEGREE (DQO)

PL 220.03              CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN
                       THE SEVENTH DEGREE


IN THAT THE DEFENDANT DID:

KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE; KNOWINGLY AND UNLAWFULLY POSSESS ONE OR MORE PREPARATIONS, COMPOUNDS, MIXTURES OR SUBSTANCES CONTAINING A NARCOTIC DRUG AND SAID PREPARATIONS, COMPOUNDS, MIXTURES OR SUBSTANCES WERE OF AN AGGREGATE WEIGHT OF ONE-EIGHTH OUNCE OR MORE.

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT, AT THE ABOVE TIME AND PLACE, DEPONENT OBSERVED APPREHENDED OTHER DEMITRES BETHEA ARREST K14684728 DRIVING A 1999 NISSAN MAXIMA NEW YORK LICENSE PLATE GMT9708 WITH A DEFECTIVE EXTINGUISHED BRAKE LIGHT AS DEFENDANT SAT IN THE FRONT PASSENGER SEAT.

DEPONENT FURTHER STATES THAT THE 1999 NISSAN REFUSED TO PULL OVER FOR APPROXIMATELY 5 BLOCKS AS DEPONENT FOLLOWED DIRECTLY BEHIND DEFENDANTS VEHICLE WITH POLICE LIGHTS ILLUMINATED AND SIRENS ENGAGED.

DEPONENT FURTHER STATES THAT THE DEPONENT OBSERVED DEFENDANT MOVING AROUND AND FIDGETING IN DEFENDANT'S SEAT AND LEANING OVER TOWARDS THE DRIVER AS IF HIDING OR PASSING AN OBJECT TO DEMITRES.

DEPONENT FURTHER STATES THAT DEPONENT HAD TO CUT THE VEHICLE OFF AT A STOP SIGNED INTERSECTION TO PREVENT IT FROM CONTINUING TO EVADE DEPONENT AND AS DEPONENT WALKED TOWARDS DEFENDANT'S VEHICLE DEPONENT OBSERVED DEMITRES TOSS 2 OBJECTS OUT THE WINDOW ONTO THE GROUND WHERE DEPONENT RECOVERED THE OBJECTS WHICH WERE 2 TWISTS OF CRACK COCAINE WITH A TOTAL WEIGHT IN EXCESS OF 1/8 OUNCE.

DEPONENT FURTHER STATES THAT THE DEPONENT HAS HAD PROFESSIONAL TRAINING AS A POLICE OFFICER IN THE IDENTIFICATION OF CRACK COCAINE, HAS PREVIOUSLY MADE ARRESTS FOR THE CRIMINAL POSSESSION OF CRACK COCAINE, HAS PREVIOUSLY SEIZED CRACK COCAINE, WHICH WAS DETERMINED TO BE SUCH BY A CHEMICAL ANALYSIS BY THE POLICE DEPARTMENT LABORATORY, AND THE SUBSTANCE IN THIS CASE POSSESSES THE SAME PHYSICAL CHARACTERISTICS AS SUCH PREVIOUSLY CHEMICALLY IDENTIFIED SUBSTANCE AND BY PROFESSIONAL TRAINING AND EXPERIENCE AS A POLICE OFFICER, IS FAMILIAR WITH COMMON METHODS OF PACKAGING CRACK COCAINE AND THE PLASTIC TWISTS USED TO PACKAGE THE SUBSTANCE IN THIS CASE IS A COMMONLY USED METHOD OF PACKAGING SUCH SUBSTANCE.


Printed 09/20/2014 07:57    K14684734    Arrested: 09/19/2014 20:35

09/20/2014 08:51 FAX                                                                    ☒0004/0004
                                              Fax:                      Sep 20 2014 08:43am P005/005

BASED ON THE FOREGOING, IN DEPONENT'S OPINION, THE SUBSTANCE IN THIS CASE IS CRACK COCAINE.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

DATE 09/10/14                SIGNATURE

# EXHIBIT C

PRIVILEGE LOG
BETHEA ET AL V. CITY OF NEW YORK ET AL., 16-CV-2522 (NGG)(SMG)

| Bates Stamp Numbers | Date | Description | Privilege Asserted |
|---|---|---|---|
| 00022 | Created on 9/14/2014 during the pendency of the Kings County Prosecution of Indictment 7825/2014 | Grand Jury Action Sheet (ADA preparation list in advance of Grand Jury) | Sealed pursuant to CPL §190.25, Work Product |
| 00023, 00030 | Created on unknown date during the pendency of the Kings County Prosecution of Indictment 7825/2014 | Felony Waiver Offer Sheet (Questions regarding case) | Work Product |
| 00027, 00028 | Created on 9/30/2014 and 10/9/2014 during the pendency of the Kings County Prosecution of Indictment 7825/2014 | Kings County District Attorney Grand Jury Action Sheets. (Records relating to Grand Jury proceedings) | Sealed pursuant to CPL §190.25 |
| 00029 | Created on various dates during the pendency of the Kings County Prosecution of Indictment 7825/2014 | Grand Jury Action Sheet (ADA preparation list in advance of Grand Jury) | Sealed pursuant to CPL §190.25, Work Product |
| 00032 | Created on 10/9/2014 during the pendency of the Kings County Prosecution of Indictment 7825/2014 | Waiver of Immunity Document for Grand Jury Witnesses | Sealed pursuant to CPL §190.25 |
| 00095-00095A | Created on unknown date during the pendency of the Kings County Prosecution of Indictment 7825/2014 | Grand Jury Synopsis Sheet (Form; only section filled in relates to Grand Jury charges) | Sealed pursuant to CPL §190.25 |
| 00096-00097 | Created on unknown date during the pendency of the Kings County Prosecution of Indictment 7825/2014 | Charges to be submitted to the Grand Jury | Sealed pursuant to CPL §190.25, Work Product |
| 000101 | Created on unknown date during the pendency of the Kings County Prosecution of Indictment 7825/2014 | List of questions for Grand Jury witness | Sealed pursuant to CPL §190.25, Work Product |