UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DEMITRESS BETHEA and SHAVONE BETHEA,  :
                                      :
                         Plaintiffs,  :
                                      :     MEMORANDUM
       -against-                      :     & ORDER
                                      :     16-CV-2522 (NGG) (SMG)
CITY OF NEW YORK, NYPD DETECTIVE      :
DOMINICK J. VASATURO, NYPD DETECTIVE  :
ARMANDO SAITTA, NYPD SERGEANT JOSEPH  :
CRUZADO, and JOHN/JANE DOE NYPD OFFICERS :
1-6,                                  :
                                      :
                         Defendants.  :
------------------------------------------------------------------ x
STEVEN M. GOLD, U.S. Magistrate Judge:

Currently pending before the Court are plaintiffs' motion to unseal grand jury minutes, Docket Entry 20, and non-party Kings County District Attorney's ("KCDA") motion to quash pursuant to Federal Rule of Civil Procedure 45, Docket Entry 26. Both motions concern the same subject matter and are therefore addressed together in this Memorandum and Order. For the reasons stated below, plaintiffs' motion is denied and KCDA's motion is granted.

## FACTS

Plaintiffs Demitress and Shavone Bethea are siblings who bring this action pursuant to 42 U.S.C. § 1983, asserting claims for, *inter alia*, false arrest and malicious prosecution. Am. Compl., Docket Entry 19. Plaintiffs allege that, on September 19, 2014, they were together in a car, with Demitress driving and Shavone in the passenger seat, when they were pulled over by the defendant officers. The officers were in plainclothes and driving an unmarked vehicle. Plaintiffs allege further that the defendant officers searched their car and placed them under arrest after, according to the officers, Demitress was seen throwing two twists of crack cocaine

out of the car window.  Am. Compl. ¶¶ 12-26.  Plaintiffs also allege that, to implicate Shavone, the defendant officers stated that they observed him lean over as if to pass something to Demitress shortly before they saw Demitress toss the twists of cocaine through the window.  *Id.* ¶¶ 13, 27.  Plaintiffs deny that either of them had cocaine or tossed any out the car window, and assert that the defendant officers provided false information to KCDA that led prosecutors to charge plaintiffs with criminal possession of a controlled substance.  *Id.* ¶¶ 26-30.

Plaintiffs were released on their own recognizance after spending more than twenty-four hours in custody.  *Id.* ¶ 33.  The case against Shavone was never presented to a grand jury and was dismissed three weeks after his arrest.  *Id.* ¶ 34.  The case against Demitress was dismissed shortly thereafter, when the grand jury declined to return an indictment.  *Id.* ¶ 35.  This civil rights action followed.

Plaintiffs served a subpoena pursuant to Federal Rule of Civil Procedure 45 on non-party KCDA seeking minutes from the grand jury proceedings involving Demitress.  Pls.' Mot. for Discovery ("Pls.' Mot.") at 1 n.1, Docket Entry 20.  Plaintiffs seek Demitress' grand jury testimony, as well as that of defendants Vasaturo and Saitta, in addition to "whatever other grand jury records correspond[ing] to [Demitress]" that may exist, such as his waiver of immunity.  *Id.* at 2-3; Pls.' Opp'n to KCDA's Mot. to Quash ("Pls.' Opp'n") at 1, Docket Entry 27.  KCDA moves to quash the Rule 45 subpoena, arguing that plaintiffs have failed to demonstrate a particularized need sufficient to overcome the presumption of secrecy afforded to grand jury proceedings.  KCDA's Mot. to Quash ("KCDA Mot.") at 2, Docket Entry 26.  KCDA also maintains that Detective Vasaturo did not testify before the grand jury.  *Id.* at 1.  Accordingly,

the issue before the Court on the two related motions is whether plaintiffs are entitled to Demitress' and defendant Saitta's grand jury testimony and related grand jury records.[1]

### DISCUSSION

As an initial matter, I note that plaintiffs' and non-party KCDA's motions are properly before me. Although neither party disputes this, some decisions suggest that where, as here, the proceedings at issue took place before a grand jury supervised by a state court, the request for disclosure of grand jury materials should be directed to that state court first. *See, e.g.*, *Harewood v. Braithwaite*, 2013 WL 3863905, at *1 (E.D.N.Y. July 23, 2013); *Anilao v. Spota*, 918 F. Supp. 2d 157, 170-71 (E.D.N.Y. 2013). That practice, however, is not required by precedent but rather is grounded in a policy of comity between state and federal courts and deference to the court that supervised the grand jury's activities. *See Anilao*, 918 F. Supp. 2d at 170-71 ("[A]s a matter of comity, a party seeking disclosure of materials from a state grand jury proceeding for purposes of a federal civil lawsuit should 'first make its application to the state court supervising the grand jury at issue.'") (quoting *Ruther v. Boyle*, 879 F. Supp. 247, 250 (E.D.N.Y. 1995)).

As at least one recent case has observed, it is neither efficient nor required to have plaintiffs first seek disclosure of state court grand jury materials in state court. *See Rhooms v. City of New York*, 2014 WL 4385856, at *1 n.2 (E.D.N.Y. Sept. 4, 2014). I join in the view that it would be more burdensome than deferential to ask a state court to balance the competing interests of grand jury secrecy with the needs of a civil litigation that is unfamiliar to the state court and not pending before it. *See Baynes v. Ruderfer*, — F. Supp. 3d —, 2017 WL 587395, at

---

[1] In their motion, styled as a "motion for discovery," plaintiffs also discuss items they seek for *Monell* discovery, as well as the disciplinary files and personnel evaluations for the defendant officers. Pls.' Mot. at 3. They note, however, that "there is no apparent dispute as to whether [d]efendants will produce" these materials. *Id.* Accordingly, plaintiff's motion to compel with respect to these items is premature and denied without prejudice to renewal if the documents are not produced within an appropriate period of time.

3

*2 (S.D.N.Y. Feb. 14, 2017) ("[U]nlike a state court supervising a grand jury, courts where . . . [the] civil cases are pending and in which grand jury testimony is sought to be discovered are armed with special knowledge of the status of the civil actions") (citation and quotation marks omitted). Moreover, as the decision in *Rhooms* points out, "this Court recently met as a group with our colleagues from the state bench of Kings County where this very issue was discussed. Overwhelmingly, if not unanimously, the state bench expressed its agreement that this Court first address such motions." *Rhooms*, 2014 WL 4385856, at *1 n.2. The pending motions are therefore properly before this Court. *See Vazquez v. City of New York*, 2013 WL 2449181, at *1 (S.D.N.Y. June 6, 2013) (observing that as a matter of federal law, federal courts have independent authority to unseal minutes of state grand jury proceedings); *Lehman v. Kornblau*, 206 F.R.D. 345, 347 (E.D.N.Y. 2001) ("If the district attorney moves to quash a subpoena [seeking records within its possession] . . . the issue is appropriately before the federal court.") (citing *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988)). Accordingly, I now turn to the merits of the pending motions.

It is well-established that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Rehberg v. Paulk*, 566 U.S. 356, 374 (2012) (citations omitted). Accordingly, "[s]ince the 17th century, grand jury proceedings, as well as the records of such proceedings, have been reserved from the public." *Anilao*, 918 F. Supp. 2d at 172 (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979)). "A federal court may nevertheless authorize the disclosure of sealed state grand jury proceedings . . . upon a showing of particularized need outweighing the need for secrecy." *Ross v. City of New York*, 2017 WL 455410, at *1 (E.D.N.Y. Feb. 2, 2017) (citing *United States v. Laster*, 313 F. App'x 369, 371 (2d Cir. 2009)).

4

To make the required showing, parties seeking disclosure must demonstrate "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *United States v. Carneglia*, — F. App'x —, 2017 WL 421922, at *1 (2d Cir. Jan. 31, 2017) (quoting *Douglas Oil*, 441 U.S. at 222-23 & n.12). A typical showing might establish that grand jury minutes are needed "to impeach a witness, to refresh his recollection, to test his credibility and the like." *Douglas Oil*, 441 U.S. at 222 n.12. In addition, courts have recognized a compelling need for disclosure where, in connection with a malicious prosecution claim, "plaintiffs adduce facts that strongly suggest misconduct at the grand jury sufficient to rebut the presumption of probable cause if ultimately proven true." *Frederick v. New York City*, 2012 WL 4947806, at *10 (S.D.N.Y. Oct. 11, 2012). The burden of demonstrating particularized need has been described as "substantial," and typically requires "specific factual allegations of government misconduct." *Alvarado v. City of New York*, 2006 WL 2252511, at *2 (E.D.N.Y. Aug. 5, 2006) (citation omitted). Conclusory and unspecified allegations of need or mere speculation are inadequate. *Spota*, 918 F. Supp. 2d at 174. Nor will unsupported allegations of misconduct before the grand jury suffice. *Barone v. United States*, 2015 WL 6736203, at *4 (S.D.N.Y. Oct. 29, 2015).

Plaintiffs have plainly failed to demonstrate a particularized need sufficient to justify disclosure of the grand jury records sought. In support of their motion, plaintiffs advance three arguments: (1) Saitta's grand jury testimony may be used to impeach his testimony at trial; (2) Saitta's grand jury testimony "can[not] be easily reconstructed through [his] deposition[]"; and (3) Saitta's grand jury testimony about the incident is "highly relevant to [p]laintiffs' investigation and development of their case." Pls.' Mot. at 2-3; Pls.' Opp'n at 3-4. These

conclusory contentions fail to overcome the important policy concerns supporting grand jury secrecy.

For one, "it is not enough to assert," as plaintiffs do, "that grand jury testimony might theoretically be used to impeach a witness or refresh the witness's recollection." *Baynes*, 2017 WL 587395, at *3. "Rather, the requesting party must demonstrate some specific respect in which the grand jury testimony likely contradicts trial evidence or supplies material information that is otherwise lacking." *Id.* (citation and quotation marks omitted); *see also Waterman v. City of New York*, 1998 WL 23219, at *2 (S.D.N.Y. Jan. 13, 1998) (noting that "the mere invocation of impeachment needs" does not justify "granting a movant license to page through grand jury minutes."). In other words, "the alleged need must . . . be particularized." *Rechtschaffer v. City of New York*, 2009 WL 773351, at *4 (S.D.N.Y. Mar. 18, 2009).

Here, plaintiffs have failed to specify with requisite precision *why* they need the grand jury testimony for impeachment or for refreshing witness recollection. Plaintiffs have not yet deposed defendants. They are thus unable to state whether Saitta, or his co-defendants, will recall the events that led to plaintiffs' arrests, or whether the criminal court complaints and police reports will be sufficient to refresh their recollections. Nor are plaintiffs able to point to any reason to believe that Saitta's testimony in this case—or for that matter, the testimony of any other defendant—will be inconsistent with Saitta's testimony before the grand jury. Finally, while the grand jury testimony might, as plaintiffs suggest, aid them in the "investigation and development of their case," it is well-settled that "[a] generalized desire for discovery needed to prove one's case . . . does not constitute the requisite showing of a particularized need." *Alvarado*, 2006 WL 2252511, at *3 (citing *Baker v. U.S. Steel Corp.*, 492 F.2d 1074, 1076 (2d Cir. 1974)); *see also Rechtschaffer,* 2009 WL 773351, at *4 (noting that "revelation of grand jury

materials is not . . . a substitute for conventional means of discovery"). If it becomes clear after Sattia's deposition that plaintiffs have a particularized need for his grand jury testimony, plaintiffs may renew their application. Their motion, as it stands today, fails to meet that standard.

I see no reason for a different result with respect to the grand jury testimony of plaintiff Demitress Bethea. Plaintiffs point to N.Y. Crim. Proc. Law § 190.25(4)(a), which provides that, although no grand juror may disclose the nature or substance of any grand jury testimony, a witness is not prohibited from disclosing his own testimony. But while Section 190.25 permits Demitress to disclose whatever he recalls about his own grand jury testimony if he so chooses, it does not afford plaintiffs access to the official grand jury minutes of that testimony, at least where, as here, no particularized need for that testimony has been shown. Moreover, plaintiffs have not identified any authority for the proposition that they are entitled to the minutes of Demitress' grand jury testimony or related documents absent a showing of particularized need.

## CONCLUSION

For all these reasons, KCDA's motion to quash is granted and plaintiffs' motion to unseal the grand jury minutes is denied. Plaintiffs may renew their motion if, once depositions have been taken or for some other reason, they are able to make a showing of particularized need for the grand jury materials they seek.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
March 13, 2017

U:\#ZAK 2016-2017\Bethea et al. v. City of New York et al. (16cv2522) (NGG)\Motion to Unseal Grand Jury Minutes - FINAL.docx

7