The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



MAY 19, 2017

Re:  Bethea, et al., v. City of N.Y., et al., No. 16 Civ. 2522 (EDNY)

Dear Judge Gold:

I represent Plaintiffs in the above-captioned Section 1983 action.  I write to request that the Court adjourn the Parties' May 30, 2017, settlement conference sine die.  The Plaintiffs are no longer willing to participate.  The Parties have had informal conversations about settlement leading up to the conference, which have shown that the gap between the Parties is entirely too wide to bridge.  Both Plaintiffs therefore wish to litigate their claims.

Plaintiffs also move the Court for an Order compelling Defendants to produce certain discovery by a date certain (Defendants do not dispute that they must produce the discovery—however, at this writing, the material is roughly four months overdue).  Much of the delinquent discovery is of fundamental relevance in a Section 1983 case of this kind, for example: Defendants' memo books; field test reports, chain of custody, and lab records corresponding to an evidence voucher; Plaintiffs' pedigree sheets; the identities of Doe Defendants; a roll call for Defendants' tour (to aid with identifying the Does); disciplinary files; personnel evaluations and training records.  Docket No. 20.

The Parties have conferred about this matter repeatedly before Plaintiff filed this motion, in compliance with Federal and Local rules.  We have been unable to resolve this problem informally.

As the Court may recall, Plaintiffs filed a discovery motion against Defendants earlier this year relating to Defendants' failure to produce these same records, which are responsive to Plaintiffs' November 2016 document requests.  Docket No. 20.  On March 13, 2017, after Defendants did not oppose Plaintiffs' motion, the Court noted Defendants' agreement to produce the material, and terminated Plaintiff's motion with leave to refile in the event that Defendants did not serve the discovery within a reasonable time frame.  Docket No. 30.  The discovery remains outstanding, and has left Plaintiffs unable to take Defendants' depositions.

In the event the Court would like to set a conference relating to this motion, the Parties have identified the following mutually agreeable dates:  May 30, June 2 in the afternoon, or any time the week of June 6, 2017.[1]  If the Court's calendar does not permit a meeting on any of those dates, I will confer further with Defense Counsel and submit new dates.  Alternatively, Plaintiffs propose that the Court direct Defendants to produce the discovery by a date certain, at which time Plaintiffs can file a status report or motion as appropriate.

Finally, in light of the fact that Defendants have never objected to producing these records in the past, in the event that they raise an objection now, in response to this motion, Plaintiffs ask that the Court consider any such objections waived.  Rule 34(b) of the Federal Rules of Civil Procedure states that once

---

[1] Unfortunately, the May 31, settlement conference date now presents a scheduling conflict and the Parties thus do not propose that that date and time be used for a potential discovery conference.

a party serves the other with document requests, "[t]he party to whom the request is directed must respond in writing within 30 days of being served[.]"  When the party to whom the request is directed does not comply, the party's objections "should [be] deemed . . . waived pursuant to [FRCP] 34(b) because they were not interposed within thirty days of [the] plaintiff's request for the documents." Davis v. City of New York, No.  86 Civ. 6345 (SWK), 1988 WL 42189, at *2 (S.D.N.Y. Apr. 28, 1988); see Rahman v. Smith & Wollensky Rest. Grp., Inc., No. 06 Civ. 6198 (LAK) (JCF), 2007 WL 1521117, at *2 (S.D.N.Y. May 24, 2007) (noting that the reason its earlier order directed production of documents and not a DRI response was because the defendants' "failure to respond to plaintiff's document request . . . within thirty days waived all objections to the request").  Again, here, Defendants have not provided a complete response to Plaintiffs' DRIs in roughly four months.

In Eldagahar v. City of New York Department of Citywide Administrative Services, No. 02 Civ. 9151 (KMW) (HBP), 2003 WL 22455224, at *1-2 (S.D.N.Y. Oct. 28, 2003), the court collected cases from jurisdictions across the country which, when taken together, showed that "the law is well settled that a failure to assert obejctions to a discovery request in a timely manner operates as a waiver."  The court went on to note that although it appreciated "that the literal application of the [waiver] requirements here will cause some hardship to defendants[,]" the Supreme Court cautioned against the disregard of procedural requirements "out of a vague sympathy for particular litigants." Id. at *2 (citing Baldwin Cty. Welcome Ctr v. Brown, 466 U.S. 147, 152 (1984)).

Plaintiffs would like to again stress that they have made great effort to convince Defendants to respond to the DRIs without seeking the Court's intervention, as the Federal and Local Rules require. Plaintiffs contend that Defendants' failure to respond can only be interpreted as willful and further signal waiver of their objections.

Thank you for your time and attention.

Thank you,

Ryan Lozar

Ryan Lozar